IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JERMAINE DRAYTON,

Plaintiff,

v.

CIVIL ACTION NO.: CV209-030

JEFF EGAN, Probation Officer;
AMANDA WILLIAMS; STEVEN
KELLEY, District Attorney; and
CLIFFORD KENNEDY, Superintendent,

Defendants.

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

Plaintiff, who is presently incarcerated at Bacon Probation Detention Center in Alma, Georgia, was granted leave of the Court, by Order dated March 20, 2009, to proceed in forma pauperis in this action.

A prisoner proceeding in forma pauperis in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C.A. § 1915. 28 U.S.C.A. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F. 3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed and count as strikes under § 1915(g): (1) Drayton v. Durence, CV604-15 (S.D. Ga. April 5, 2004) (dismissed for failure to follow a Court order); (2) Drayton v. Glynn County Police, CV204-18 (S.D. Ga. April 19, 2004) (dismissed for failure to state a claim upon which relief may be granted); and (3) Drayton v. Brunswick Police, CV204-27 (S.D. Ga. Aug. 30, 2004) (dismissed for failure to state a claim upon which relief may be granted).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998). In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Id. at 721-27. Because Plaintiff has filed three previously dismissed cases which qualify as strikes under section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th

Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id. at 1193.

In his Complaint, Plaintiff contends that Defendants wrongfully revoked his probation and incarcerated him. Plaintiff has not shown that he was in imminent danger of serious physical injury at the time he filed his Complaint on March 19, 2009. Accordingly, the Court **VACATES** its March 20, 2009, Order. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his Complaint along with the full filing fee.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 18th day of May, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE